### 7318

#### FRETWELL v. CARTER.

1. EVIDENCE—SURETY.—That one was in charge of the collection department of a firm is sufficient to admit evidence of a demand on him by surety that his principal foreclose the chattel mortgage securing the security debt.
2. SURETY.—UNLESS A CREDITOR HAS NOTICE that an accommodation maker is a surety, he can not be discharged by acts of the creditor which would affect a surety only.
3. IBID.—Mere delay or omission to pursue the principal debtor without such demand will not discharge the surety.

Before GAGE, J., Laurens, Spring term, 1908. Reversed.

Action by Joseph J. Fretwell, as survivor, against Ellen A. Carter *et al.* From judgment for defendants, plaintiff appeals.

*Messrs. Simpson, Cooper & Babb,* for appellant, cite: *Demand on J. N. Bleckley incompetent:* 2 Pom. Eq. Jur., 667-673; 50 S. C., 287; 57 S. C., 142; 41 S. C., 123; 10 Rich., 296. *As to delay discharging surety:* 3 Strob. Eq., 63; 10 S. C., 202; Brandt on Sur. & Guar., sec. 208.

*Messrs. F. P. McGowan* and *Ferguson & Featherstone,* contra. *Mr. McGowan,* for Ellen A. Carter, cites: *Creditor*

*had notice of suretyship, because Mrs. Carter owed him nothing:* Story on Prom. Notes, 224; 16 S. C., 427; 10 S. C., 205. *Evidence of demand on agent proper:* 77 S. C., 486.

*Messrs. Ferguson & Featherstone,* for Wharton and McCravy, cite: *It was duty of principal debtor to use proper diligence in looking after pledged property:* Brandt, secs. 384, 386, 389; 27 Ency., 517; 26 S. C., 612.

October 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The opinion of the Court in the former appeal in this case sets out so fully and clearly the general facts out of which the litigation arose that there is no reason to recount them. 78 S. C., 531. The action is on two promissory notes, each for one hundred dollars, dated 3d February, 1897, due 1st November, 1897, and 15th November, 1897, signed by Ellen A. Carter and indorsed by George S. McCravy, J. H. Wharton, J. T. Crane and Zimri Carter. These notes were indorsed to the firm of Bleckley & Fretwell, as collateral for a debt due by Zimri Carter to the firm, which debt was secured by chattel mortgages on mules and some other property. The collateral was given to obtain an extension of the original debt of Zimri Carter and prevent the seizure and sale of the mortgaged property. The only issue which remained to be decided on the second trial was whether the parties to the note sued on, except Zimri Carter, had been discharged by the failure of Bleckley & Fretwell to enforce the mortgage at a time when it was claimed the mortgaged property would have brought enough to pay the original debt for which the notes were collateral. The verdict was for the defendants, and the plaintiff appeals.

The defendant, George S. McCravy, was allowed to testify that he made a demand on one John N. Bleckley, in

behalf of himself and the defendant, Wharton, in the autumn of 1897, after the maturity of the notes, that Bleckley & Fretwell should foreclose the mortgage.

Counsel for plaintiff insists that the evidence did not show that John N. Bleckley was the agent of Bleckley & Fretwell, with respect to this matter, and, therefore, the plaintiff could not be bound by any demand which may have been made on John N. Bleckley. It is true that McCravy said the demand was made in the autumn of 1897, in Laurens; and John N. Bleckley testified, as to that time, "I didn't have anything to do the first of the fall with mule papers, because I was busily engaged in collecting fertilizer accounts." But he also testified that he had been with Mr. Fretwell since boyhood; looked after the collections—had charge of the collections in the office, and sent out collectors of the debts of the firm. This testimony tended to show that John N. Bleckley was the general manager of the collection department of the business, and a demand made upon him, respecting the collection of a debt, related strictly to the business with which he was intrusted. This testimony, therefore, was sufficient to warrant the Circuit Judge in admitting the evidence of a demand made on John N. Bleckley, as the agent of Bleckley & Fretwell, according to the rules laid down in *Knobelock* v. *Bank,* 50 S. C., 290, and other like cases.

The portions of the charge set out in the third and fourth exceptions were, in substance, nothing more than statements of the issues, as distinguished from a charge on the facts; and these exceptions can not be sustained.

There was error in refusing to charge the following request made by plaintiff: "The maker of a negotiable note can not take advantage of the indorser's demand that collateral security be exhausted by creditor before the indorsers are held liable for the payment of any amount due on such note; and if it should be found by the jury that the indorsers on the notes sued on did

demand that the collaterals held by the plaintiff should be exhausted before they were to be called on for payment, this demand would not benefit Mrs. Ellen A. Carter, the maker of the note." Mrs. Carter testified she was an accommodation maker of the note; but there was not a particle of evidence that Bleckley & Fretwell ever had notice that the note was not given by her for valuable consideration. Unless the creditor had notice that she was a surety, she can not claim to be discharged by acts which would affect a surety only. Besides, there was no evidence that any demand for foreclosure of the mortgage was ever made on behalf of Mrs. Carter.

The main error, however, was in this instruction: "It was the business of Bleckley & Fretwell, under the law, and it was the duty of Bleckley & Fretwell towards Wharton and McCravy, to exercise due diligence in the collection of that chattel mortgage. And due diligence means just what the law implies. A creditor can't sit down, gentlemen, and indulge, and overindulge, a debtor to the hurt of a surety. A surety can say to him: 'This is my contract, and I stand upon the letter of it; this note was due on the first of November, and if after that date you delayed the collection of the mortgage upon the personal property, and if at that time, or within a reasonable time thereafter, you could have collected the chattel mortgage and saved me harmless, then your delay has been to my hurt, and the law discharges me.' So the exact question which you have to answer is: Did Bleckley & Fretwell unreasonably delay the collection of that chattel mortgage? If they did, you must find for McCravy and Wharton; if they did not, you must find against them. Now, that is a simple narration, as narrow as a razor blade." · This was clearly a charge that mere indulgence of the principal debtor by a creditor would discharge the surety, contrary to the well settled rule, thus stated in *Jackson* v. *Patrick,* 10 S. C., 197, 205: "Before the assignment was made the creditor

might, *upon the demand* of the surety, have been required to pursue the principal debtor, and, failing to do so, the surety would have been discharged of loss which thereby fell upon the surety; but mere delay or omission to pursue the principal debtor, *without such demand,* would not discharge the surety." There was a direct conflict in the testimony, as to whether any demand had ever been made on the creditor by the sureties for the enforcement of the mortgaged debt. By this charge, that mere delay without such demand might discharge the surety, the plaintiff was deprived of the benefit of the evidence that no such demand was ever made.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the cause remanded to that ·Court for a new trial.